UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | Case No. |
| | : | |
| GEORGY KAKHOVICH KAVZHARADZE | : | UNDER SEAL |
| Defendant | : | |

**GOVERNMENT'S EX PARTE MOTION FOR LIMITED SEALING OF
THE COMPLAINT AND OTHER PLEADINGS, WARRANTS, FILES,
AND RECORDS, AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF
THE FILING OF THIS MOTION TO SEAL AND ALL RELATED MATTERS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to place under seal the Arrest Warrant, the Criminal Complaint with its supporting Statement of Facts, any ancillary documents, this Motion to Seal, any Order granting this Motion to Seal and to delay entry on the public docket of the filing of this Motion to Seal and Order of the Court. In support of this motion, government submits as follows:

1. On August 18, 2021, the Court issued an Arrest Warrant based on a Criminal Complaint and its supporting Statement of Facts charging the above captioned defendant with violating 18 U.S.C. § 1343 (Wire Fraud) 18 U.S.C. § 1344 (Bank Fraud), and 18 U.S.C. § 1349 (Conspiracy to Commit Bank and Wire Fraud). The defendant is a citizen of Russia and a resident of Russia.

2. The complaint charges the defendant with committing the above-referenced violations in connection with Slilpp, an online marketplace used by cybercriminals who possess, sell, and purchase illegally obtained login credentials for economically valuable online accounts. Although Slilpp is no longer an active marketplace, the investigation and identification of the

individuals responsible for creating, managing, and participating in the illegal marketplace is ongoing. Furthermore, many of the subjects of this investigation reside in countries that do not have any relevant extradition treaties with the United States.

3. The affidavit in support of the complaint contains numerous investigative details, including descriptions of law enforcement sources of evidence – primarily, the repeated seizure of databases that supported various criminal websites. The Federal Bureau of Investigation ("FBI") believes that disclosure of the complaint and bench warrants in the public records would, at this time, make unidentified investigation subjects aware of the United States investigation, including co-conspirators with the defendant, and prompt said subjects to take measures to avoid identification and obstruct justice, for example, by tampering with or destroying evidence.

4. The government respectfully submits that premature public disclosure of the complaint and related material, and the warrants and the existence of the cases, could compromise ongoing investigations and could undermine the development of critical evidence in those investigations. See United States v. Hubbard, 650 F.2d 293, 208 U.S. App. D.C. 399 (D.C. Cir. 1981); In re Sealed Affidavits, 600 F.2d 1256 (9th Cir. 1979); Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1975). Cf. In re Search Warrants issued on May 21, 1987, 1990 WL 113874 (D.D.C. 1990) (information released after the government agreed there was no further need for secrecy). The government further submits that these circumstances present a compelling government interest under Post v. Robinson, 935 F.2d 282, 289 n.10 (D.C. Cir. 1991), and that said governmental interest requires sealing the complaint and all other pleadings, warrants, records, and files in this case, as well as delay in the public docketing of the filing of these sealed pleadings and the accompanying order.

5. Public disclosure of the existence of the Arrest Warrant and other materials at this time might alert the defendant that he is wanted for criminal charges, and this presents the risk that the defendant might attempt to destroy potentially incriminating evidence. In addition, upon learning of the warrant, the defendant may flee. At this time law enforcement is continuing to investigate not only KAVZHARADZE but other individuals who might have participated with him in the charged conduct. Finally, the government submits that these circumstances will remain until the initial appearance of the defendant. These are compelling reasons for the sealing of these documents.[1] Accordingly, the United States requests that this Court grant the accompanying proposed order.

WHEREFORE, for the foregoing reasons and for any other such reasons as may appear to the Court, the government respectfully requests that the Court grant this motion and enter the attached proposed order.

Respectfully submitted,

CHANNING PHILLIPS
Acting United States Attorney

By: _/s/ Demian S. Ahn_
Demian S. Ahn
Assistant United States Attorney
D.C. Bar Number 49111
555 4th Street, N.W.
Washington, D.C. 20530
Office: (202) 252-7106
Email: demian.ahn@usdoj.gov

---

[1] *See Washington Post v. Robinson*, 935 F.2d 282, 289 n.10 (D.C. Cir. 1991) (noting situations when compelling reasons exist for sealing documents filed with the Court and postponing entry of filings on public docket).