# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. |
| **v.** | |
| **GEORGY KAKHOVICH KAVZHARADZE,** | <u>**FILED UNDER SEAL**</u> |
| a/k/a "TeRorPP," | |
| a/k/a "Torqovec," | |
| a/k/a "PlutuSS," | |
| a/k/a "George Kakhovich Kavzharadze" | |
| *Defendant.* | |

## GOVERNMENT'S *EX PARTE* MOTION FOR LIMITED SEALING OF THE INDICTMENT AND OTHER PLEADINGS, WARRANTS, FILES, AND RECORDS, AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF <u>THE FILING OF THIS MOTION TO SEAL AND ALL RELATED MATTERS</u>

Pursuant to Federal Rule of Criminal Procedure 6(e)(4), the United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion for limited sealing of the accompanying Indictment, bench warrants, as well as all other pleadings, warrants, records, and files in this case, including the instant motion to seal and any order on the motion, and to delay entry on the public docket of this motion to seal and all related matters. Specifically, the government requests a sealing order with a narrow exception that will permit the government to disclose the existence of the Indictment, bench warrants, as well as other records and files in this case, to the extent that is necessary to effectuate the defendants' arrest and extradition. In support of this motion, the government states as follows:

1.      The Indictment charges the defendant with the violation of 18 U.S.C. § 1349 (Conspiracy), 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1344(2) (Bank Fraud), 18 U.S.C. § 1029(a)(2)(Access Device Fraud), 18 U.S.C. § 1029(a)(3) (Access Device Fraud), 18 U.S.C. § 1028A(a)(1) (Aggravated Identity Theft), and 18 U.S.C. § 2 (Aiding and Abetting). The defendant was a citizen and resident of Russia, and had no known residence or past residence in the United States.

2.      The Indictment charges the defendant with committing the above-referenced violations in connection with Slilpp, an online marketplace used by cybercriminals who possess, sell, and purchase illegally obtained login credentials for economically valuable online accounts. Although Slilpp is no longer an active marketplace, the investigation and identification of the individuals responsible for creating, managing, and participating in the illegal marketplace is ongoing.  Furthermore, many of the subjects of this investigation reside in countries that do not have any relevant extradition treaties with the United States.

3.      In this context, the FBI believes that premature disclosure of the Indictment would, at this time, seriously jeopardize additional ongoing criminal investigations in the United States. Specifically, disclosure would make unidentified subjects of the investigations aware of the United States investigation, including co-conspirators with the defendant, and prompt said subjects to take measures to avoid identification and obstruct justice, for example, by tampering with or destroying evidence.

4.      The government respectfully submits that premature public disclosure of the indictment and related material, and the warrants and the existence of the cases, could compromise ongoing investigations and could undermine the development of critical evidence in those investigations. *See United States v. Hubbard*, 650 F.2d 293, 208 U.S. App. D.C. 399 (D.C. Cir. 1981); *In re Sealed Affidavits*, 600 F.2d 1256 (9th Cir. 1979); *Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975). *Cf. In re Search Warrants issued on May 21, 1987*, 1990 WL 113874 (D.D.C. 1990) (information released after the government agreed there was no further need for secrecy). The government further submits that these circumstances present a compelling government interest under *Post v. Robinson*, 935 F.2d 282, 289 n.10 (D.C. Cir. 1991), and that said governmental interest requires sealing the indictment and all other pleadings, warrants, records, and files in this case, as well as delay in the public docketing of the filing of these sealed pleadings and the accompanying order. Finally, the government submits that these circumstances will remain until the initial appearance of the defendants.

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

Channing D. Phillips
Acting United States Attorney

By: */s// Demian S. Ahn*
Demian S. Ahn
Assistant United States Attorney

D.C. Bar Number 49111
555 4th Street, N.W.
Washington, D.C. 20530
Office: (202) 252-7106
Email: demian.ahn@usdoj.gov