IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GEORGY KAKHOVICH KAVZHARADZE,<br>a/k/a "TeRorPP,"<br>a/k/a "Torqovec,"<br>a/k/a "PlutuSS,"<br>a/k/a "George Kakhovich Kavzharadze,"<br><br>*Defendant.* | Case No. 21-CR-531 (CKK) |

**MOTION FOR A PRETRIAL CONFERENCE PURSUANT TO THE CLASSIFIED INFORMATION PROCEDURES ACT ("CIPA"), 18 U.S.C. APP. III §§ 1-16.**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves for pretrial conference, pursuant to the Classified Information Procedures Act (CIPA), 18 U.S.C. App. III, § 2. The United States anticipates that issues of discovery, disclosure, or use of classified information may arise during this case, the United States respectfully requests that the Court convene a pretrial conference to consider matters relating to such classified information.

I.  BACKGROUND

The government filed a report of discovery on May 26, 2023 in response to the Court's Order dated May 19, 2023. The government's report of discovery explained the government could not respond to the Court's inquiry about prudential searches requested of particular United States Intelligence Community ("USIC") agencies without necessary protections for classified information. As previously explained in the government's report, confirming or denying the existence of classified records held by agencies of the USIC is a classified fact. *See United States*

1

*v. Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989) (observing that "much of the government's security interest in the conversation lies not so much in the contents of the conversations, as in the time, place, and nature of the government's ability to intercept the conversations at all"); *United States v. Mostafa*, 992 F. Supp. 2d 335, 338, (S.D.N.Y. 2014) (same); *cf. Wilner v. National Sec. Agency*, 592 F.3d 60, 68 (2d Cir. 2009) (holding that "Glomar" response that "an agency may refuse to confirm or deny the existence of records" is appropriate response to FOIA request based on national security interests). Accordingly, the government moves for a pretrial conference pursuant to CIPA Section 2 and requests a motion schedule pursuant to CIPA Section 4. The government will file a separate application to designate a Classified Information Security Officer ("CISO") in this case.

## II.   CIPA SECTIONS AND PROCEDURES

### A.   Section 1 – Relevant Definitions

Under CIPA, "classified information" includes any information or material that has been determined by the United States Government pursuant to law or regulation to require protection against unauthorized disclosure for reasons of national security. 18 U.S.C. App. III § 1(a). "National security" refers to the national defense and foreign relations of the United States. *Id.* at § 1(b). Notably, CIPA applies equally to classified testimony and classified documents. *See United States v. Lee*, 90 F. Supp. 2d 1324, 1326 n.1 (D.N.M. 2000) (citing *United States v. North*, 708 F. Supp. 399, 399-400 (D.D.C. 1988)); *see also Kasi v. Angelone*, 200 F. Supp. 2d 585, 596-97 (E.D. Va. 2002) (applying CIPA to classified testimony).

### B.   Section 2 - Pretrial Conference

Section 2 of CIPA—the section the government is invoking in the instant motion—authorizes the district court, upon motion by any party or at its own discretion, to hold a pretrial

conference "to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. III § 2. Following such motion, the court shall promptly hold the pretrial conference to establish: (1) the timing of requests for discovery by the defense; (2) the provision of the requisite written pretrial notice to the United States of the defendant's intent to disclose classified information, pursuant to Section 5 of CIPA; and (3) the initiation of hearings concerning the use, relevance, and admissibility of classified information pursuant to Section 6 of CIPA. *Id*. Additionally, the court may consider any matters that relate to classified information or that may promote a fair and expeditious trial. *Id.* No substantive issues concerning the use of classified information, however, are to be decided in a Section 2 pretrial conference. *See* S. Rep. No. 96-823, at 5-6, *reprinted in* 1980 U.S.C.C.A.N. 4294, 4298-99 (96th Cong. 2d Sess.).

To foster open discussions at the pretrial conference, Section 2 provides that no admission made by the defendant or his attorney at the pretrial conference may be used against the defendant unless the admission is in writing and signed by both the defendant and his attorney. 18 U.S.C. App. III § 2.

Section 3 - Protective Order

Section 3 of CIPA mandates that the district court issue a protective order upon motion by the United States to protect against the disclosure of any classified information that is disclosed by the government to a defendant. *Id*. § 3. Section 3 was intended "to codify the well-established practice, based on the inherent authority of federal courts, to issue protective orders," *Pappas*, 94 F.3d at 801, as well as to supplement the district court's authority under Rule 16(d)(1) to issue protective orders in connection with the discovery process.[1] In contrast to the court's

---

[1] Rule 16(d)(1) provides in relevant part that "at any time the court may, for good cause, deny,

discretionary authority under Rule 16(d)(1), however, Section 3 "makes it clear that protective orders are to be issued, if requested, whenever the government discloses classified information to a defendant in connection with a prosecution, e.g., *Brady* and *Jencks* material." *Id*.

D. <u>Section 4 - Protection of Classified Information During Discovery</u>

Both Section 4 of CIPA and Rule 16(d)(1) of the Federal Rules of Criminal Procedure expressly authorize the United States to submit *ex parte* motions seeking an in camera review of classified information that may be potentially discoverable in a federal criminal case. Section 4 provides, *inter alia*:

> The court may permit the United Sates to make a request for [relief from discovery] in the form of a written statement to be inspected <u>by the court alone</u>. If the court enters an order granting relief following such an <u>ex parte</u> showing, the entire text of the statement of the United States shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.

18 U.S.C. App. III § 4 (emphasis added). Section 4 requires no particular showing before the Court may grant a request to proceed *ex parte* and in camera. *See United States v. Sarkissian*, 841 F.2d 959, 965-66 (9th Cir. 1998); *United States v. Pringle*, 751 F.2d 419, 427 (1st Cir. 1984), *vacated and remanded on other grounds sub nom. by United States v. McAfee*, 479 U.S. 805 (1986).

Rule 16(d)(1) contains a substantially identical provision: "The court may permit a party to show good cause [for relief from discovery] by a written statement that the court will inspect *ex parte*. If relief is granted, the court must preserve the entire text of the party's statement under seal." Fed. R. Crim. P. 16(d)(1); *see also United States v. Innamorati*, 996 F.2d 456, 487 (1st Cir. 1993) ("[Rule] 16(d)(1) expressly authorizes the court to deny discovery of information sought

---

restrict, or defer discovery or inspection, or grant other appropriate relief."

by a defendant based on an *ex parte* showing by the Government of the need for confidentiality.").

Indeed, *ex parte*, in camera consideration of government motions to deny or restrict discovery under Section 4 have been upheld consistently as proper practice. *See, e.g., United States v. Mejia*, 448 F.3d 436, 457–59 (D.C. Cir. 2006); *O'Hara*, 301 F.3d at 568 (district court properly conducted in camera, *ex parte*, proceeding to determine whether classified information was discoverable); *Klimavicius-Viloria*, 144 F.3d at 1261 (approving Section 4 *ex parte* hearings); *Sarkissian*, 841 F.2d at 965 (*ex parte* proceedings concerning national security information are appropriate under Section 4); *United States v. Porter*, 701 F.2d 1158, 1162 (6th Cir. 1983); *see also United States v. Rahman*, 870 F. Supp. 47, 49, 53 (S.D.N.Y. 1994); *United States v. LaRouche Campaign*, 695 F. Supp. 1282, 1284–85 (D. Mass. 1988); *United States v. Jolliff*, 548 F. Supp. 229, 232 (D. Md. 1981). Likewise, courts have held that *ex parte*, in camera proceedings are appropriate under Rule 16(d)(1). *See, e.g.*, *United States v. Pelton*, 578 F.2d 701, 707 (8th Cir. 1978) (*ex parte*, in camera proceedings are appropriate where prosecutors were concerned about safety of individuals if certain tapes were disclosed to defense).

Additionally, Section 4 and Rule 16(d)(1) authorize the Court to deny or otherwise restrict discovery of classified information by the defense. In pertinent part, Section 4 provides that a district court:

> upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove.

18 U.S.C. App. III § 4. Likewise, Rule 16(d)(1) provides that a district court "may for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R.

Crim. P. 16(d)(1).

In determining whether to authorize the government to withhold classified materials from discovery under Section 4, federal courts have applied the balancing test set forth in *Roviaro v. United States*, 353 U.S. 53 (1957). In *Roviaro*, the United States Supreme Court considered the application of the of the informant's privilege—pursuant to which the government may withhold from disclosure the identity of its informants—to the general discovery rules. *Roviaro*, 353 U.S. at 55. The Court held that the defendant's interest in mounting a defense was triggered only when the information in the government's possession was "relevant and helpful to the defense of an accused, or is essential to the defense of an accused." *Id.* at 60–61. When the evidence is deemed relevant and helpful, courts must "balance[ ] the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62.

Later, the D.C. Circuit applied *Roviaro*'s reasoning in interpreting Section 4's statutory requirements. *Yunis*, 867 F.2d at 623. The court held that classified information may be withheld from discovery unless it is both relevant and "helpful to the defense of the accused." *Id.* (citations omitted). Although relevance is normally a "low hurdle," when the defendant seeks to disclose classified information, he must provide more than "a mere showing of theoretical relevance." *Id.* Indeed, to overcome the government's classified information privilege, the defense "is entitled only to information that is at least 'helpful to the defense of [the] accused." *Id.* (citing *Roviaro*, 353 U.S. at 60–61).

Further, just because classified information is relevant and helpful does not automatically render such evidence discoverable. *See Roviaro*, 353 U.S. at 62; *cf. El-Mezain*, 664 F.3d at 523 (citing *Roviaro*, 353 U.S. at 60–61) (noting that even when the government properly invokes its privilege, courts must next consider whether the privilege should yield when balancing other

interests). Ultimately, courts must determine whether, on balance, overriding national security concerns outweigh the defendant's need for the information. *Sarkissian*, 841 F.2d at 965; *Pringle*, 751 F.2d at 426–29; *Rahman*, 870 F. Supp. at 52–53.

      E.      <u>Sections 5 and 6 - Procedure for Cases Involving Classified Information Possessed by the Defendant</u>

Sections 5 and 6 of CIPA apply when a criminal defendant possesses classified information and seeks to disclose such information during the course of a trial or proceeding. *See, e.g., Baptista-Rodriguez*, 17 F.3d at 1363; *Sarkissian*, 841 F.2d at 965-66; *United States v. Collins*, 720 F.2d 1195, 1199 (11th Cir. 1983). There are three critical pretrial steps in the handling of classified information under CIPA after such information has been provided to the defendant through discovery: First, the defendant must specify in detail the precise classified information he or she reasonably expects to disclose at trial. Second, the Court, upon motion of the government, shall hold a hearing pursuant to Section 6(a) to determine the use, relevance and admissibility of the proposed evidence. Third, following the Section 6(a) hearing and formal findings of admissibility by the Court, the United States may move to substitute an admission of relevant facts or summaries for classified information that the Court rules is admissible.

           i.      <u>The requirement to provide notice of disclosure</u>

Section 5(a) requires a defendant who intends to disclose (or cause the disclosure of) classified information to provide timely pretrial written notice of his or her intention to the Court and the government. Such notice must "include a brief description of the classified information," and such notice "must be particularized, setting forth specifically the classified information which the defendant reasonably believes to be necessary to his defense." *Collins*, 720 F.2d at 1199–1200; *see also United States v. Giffen*, 473 F.3d 30, 33 (2d Cir. 2006); *Yunis*, 867 F.2d at 623 ("a

defendant seeking classified information … is entitled only to information that is at least 'helpful to the defense of [the] accused'"); *United States v. Smith*, 780 F.2d 1102, 1005 (4th Cir. 1985) (en banc).

If a defendant fails to provide a sufficiently detailed notice far enough in advance of trial to permit the implementation of CIPA procedures, Section 5(b) authorizes the Court to preclude disclosure of the classified information. *See United States v. Badia*, 827 F.2d 1458, 1464–66 (11th Cir. 1987) (upholding preclusion of disclosure of classified information at trial because defendant failed to comply with notice requirements of CIPA Section 5); *United States v. Hashmi*, 621 F. Supp. 2d 76, 81 (S.D.N.Y. 2008). Similarly, if the defendant attempts to disclose at trial classified information which is not described in his Section 5(a) notice, preclusion is the appropriate remedy under Section 5(b) of CIPA. *See Smith*, 780 F.2d at 1105 ("defendant is forbidden from disclosing any such information absent the giving of notice").

Thus, Section 5 requires the defendant to provide timely written notice to the Court and the government describing any classified information that he reasonably expects to disclose. *See* 18 U.S.C. App. III § 5(a). Notification must take place "within the time specified by the court, or where no time is specified, within thirty days prior to trial." *Id.* Section 5 specifically prohibits the defendant from disclosing any classified information in a trial or pretrial proceeding until such notice has been given, the government has had the opportunity to seek a determination pursuant to Section 6, and any appeal by the government under Section 7 has been decided or the time for filing an appeal has expired. *Id.*

### ii. The Pretrial Hearing on Disclosure

Prior to trial, pursuant to Section 6(a) of CIPA, upon motion of the government, the Court must hold a hearing "to make all determinations concerning the use, relevance, or

admissibility of classified information that would otherwise be made during the trial or pretrial proceeding." 18 U.S.C. App. III § 6(a). The statute expressly provides that if the Section 6(a) motion is filed before trial or the relevant pretrial proceeding, "the court shall rule [on the use, relevance, or admissibility of the classified information at issue] prior to the commencement of the relevant proceeding." *Id.*

Section 6(b) of CIPA requires that before any hearing is conducted under subsection (a), the United States must notify the defendant of the hearing and identify the classified information that will be at issue. If the information was not previously made available to the defendant, the United States may, with the Court's approval, provide a generic description of the material to the defendant. Thus, as Congress recognized in enacting CIPA, "the Government would not have to disclose the identity of an undercover intelligence agent not previously disclosed to the defendant; instead, the Government would describe the information as 'the identity of an undercover intelligence agent' if this meets with court approval." S. Rep. No. 96-823, at 6, reprinted in 1980 U.S.C.C.A.N. 4294, 4301 (1980).

At the Section 6(a) hearing, the Court hears the defense proffer and the arguments of counsel, then rules whether the classified information identified by the defense is relevant under Rule 401 of the Federal Rules of Evidence.[2] *See Giffen*, 473 F.3d at 33; *Smith*, 780 F.2d at 1106. Courts must also determine whether the evidence is cumulative, "prejudicial, confusing, or misleading," so that even if relevant, such evidence should be excluded under Rule 403 of the

---

[2] The Classified Information Procedures Act does not change the "generally applicable evidentiary rules of admissibility." *Wilson,* 750 F.2d at 9; accord *Yunis*, 867 F.2d at 623. Rather, CIPA alters the timing of rulings concerning admissibility, so as to require them to be made before trial. *United States v. Poindexter*, 698 F. Supp. 316, 318 (D.D.C. 1988); *accord United States v. Smith*, 780 F.2d at 1106.

Federal Rules of Evidence.  *Wilson*, 750 F.2d at 9.  At the conclusion of the Section 6(a) hearing, the Court must state in writing the reasons for its determination as to each item of classified information.

### iii.   Substitution in Lieu of Disclosure

In the event that the Court rules that one or more items of classified information are admissible, the United States has the option of proposing a "substitution" for the classified information at issue, pursuant to Section 6(c) of CIPA.  18 U.S.C. App. 3 Section 6(c).  The United States may move for permission to provide the defense either a substitute statement admitting relevant facts that the classified information would tend to prove, or substitute a summary of the classified information that would otherwise be disclosable.  *See Giffen*, 473 F.3d at 33; *Smith*, 780 F.2d at 1105.  The Court must grant the motion for substitution "if it finds that the admission or summary will leave the defendant in substantially the same position as would disclosure."  *United States v. North*, 910 F.2d 843, 899 (D.C. Cir. 1990).

If the Court determines that the item of classified information at issue is relevant and admissible and denies the government's motion for substitution, Section 6(e)(1) permits the government to object to the classified information's disclosure.  In such cases, the Court shall "order that the defendant not disclose or cause the disclosure of such information."  *Id.*  Section 6(e) then sets forth a sliding scale of remedies that the Court may impose in such a case.  *Id.* at § 6(e).

If, after an in camera hearing, the Court determines that the classified information at issue may not be disclosed or elicited during the proceeding, the record of the hearing must be sealed and preserved for use in the event of an appeal.  *Id.* at § 6(d).

If the Court denies the government's motion for substitution under Section 6(c), CIPA

permits the government by affidavit from the Attorney General to object to the disclosure of the classified information at issue.  *Id.* at § 6(e)(1).  Upon filing of the Attorney General's affidavit, the Court shall "order that the defendant not disclose or cause the disclosure of such information," *id.*, and may impose a sanction against the government to compensate for the defendant's inability to present proof of the specific item of classified information.  *See* S. Rep. 96-823 at 9, 1980 U.S.C.C.A.N. at 4302–03.  Section 6(e)(2) provides a sliding scale of possible sanctions, which include dismissal of specific counts, finding against the government on an issue to which the classified information related, striking or precluding testimony of a witness, or dismissing the indictment.  18 U.S.C. App. III § 6(e)(2).  An order imposing a sanction shall not take effect until the government has the opportunity to appeal the order under Section 7 and thereafter to withdraw its objection to the disclosure of the information.  *Id.*

Whenever the Court rules classified information admissible pursuant to a Section 6(a) hearing, the Court is instructed to require the government, "unless the interests of fairness do not so require," to provide the defendant with the information it expects to use to rebut the classified information.  *Id.* at § 6(f).  The Court may place the United States under a continuing duty to disclose rebuttal information.  *Id.*  If the government fails to comply, the Court may exclude the rebuttal evidence and prohibit the examination by the United States of any witness with respect to such information.  *Id.*

      F.     <u>Section 7 - Interlocutory Appeal</u>

Section 7 of CIPA permits the United States to take an interlocutory expedited appeal to the appellate court if the district court: (1) authorizes the disclosure of classified information; (2) imposes sanctions for nondisclosure of classified information; or (3) refuses to issue a protective order sought by the United States to prevent the disclosure of classified information.

*Id*. at § 7.  If an appeal is taken, trial shall not commence, or must be adjourned if already commenced, until the appeal is resolved.  *Id.*  Such an appeal and decision does not affect the defendant's right to lodge a subsequent appeal upon conviction of an adverse ruling by the trial court.  *Id.* at § 7(b).

      G.      Section 8 - Procedures Governing the Introduction of Classified Information at Trial or at Pretrial Proceeding

Section 8 prescribes additional protections and procedures governing the introduction of classified information into evidence.  *Id.* at § 8.  Specifically, Section 8(a) provides that classified documents may be admitted into evidence without changing their classification status.  This provision allows the classifying agency, upon completion of the trial, to decide whether information has been so compromised that it could no longer be regarded as classified.  *See* S. Rep. No. 96-823 at 10, 1980 U.S.C.C.A.N. at 4304.

Section 8(b) permits the court to order admission into evidence of only a part of a document when fairness does not require the whole document to be considered.  The purpose of this provision is to clarify Federal Rule of Evidence 106, known as the rule of completeness, in order to prevent unnecessary disclosure of classified information.  *Id*. at 10–11, 1980 U.S.C.C.A.N. at 4304.

Finally, Section 8(c) provides a procedure to address the problem presented at a proceeding when the defendant's counsel asks a question or embarks on a line of inquiry that would require the witness to disclose classified information.  *Id.* at 11, 1980 U.S.C.C.A.N. at 4304.  Specifically, under Section 8(c), the government may object to any question or line of inquiry that may require the witness to disclose classified information that was not previously held to be admissible.  18 U.S.C. App. III § 8(C).  Following an objection, the court "shall take such

suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information." *Id.* In effect, this procedure supplements the notice provision under Section 5 and the hearing provision in Section 6(a) to cope with situations that cannot be handled effectively by those sections, such as where the defense counsel does not realize that the answer to a given question will reveal classified information. S. Rep. No. 96-823 at 11, 1980 U.S.C.C.A.N. at 4304–05.

      H.      Section 9 - Security Procedures

Section 9 requires the Chief Justice of the United States, in consultation with other executive branch officials, to prescribe rules establishing procedures to protect classified information in the custody of federal courts from unauthorized disclosure. 18 U.S.C. App. III § 9(a). Security Procedures established by former Chief Justice Burger pursuant to this provision are codified directly following Section 9 of CIPA. Among the procedures set forth by Chief Justice Burger are that in any proceeding in a criminal case or appeal therefrom in which classified information is within, or reasonably expected to be within, the custody of the court, the court shall designate a court security officer. The court security officer shall be responsible to the court for document, physical, personnel and communications security, and shall take measures reasonably necessary to fulfill these responsibilities.

      I.      Section 9A - Coordination Requirement

Section 9A requires an official of the Department of Justice and the appropriate United States Attorney to provide timely briefings of the fact and status of a prosecution involving classified information to a senior official of the agency in which the classified information originated. *Id.* at § 9A(a).

      J.      Section 10 - Identification of Information Related to the National Defense

Section 10 applies in espionage or criminal prosecutions in which the government must prove as an element of the crime charged that certain material relates to the national defense or constitutes classified information. *See* S. Rep. 96-823 at 11-12, 1980 U.S.C.C.A.N. at 4305. In such a circumstance, Section 10 requires the government to inform the defendant of which portions of the material it reasonably expects to rely upon to prove the national defense or classified information element of the crime. 18 U.S.C. App. III § 10.

  K. <u>Sections 11-15 - Miscellaneous Provisions</u>

The remaining sections of CIPA contain various housekeeping provisions. Section 11 provides for amendments to Sections 1 through 10 of CIPA. Section 12 requires the Attorney General to issue guidelines regarding the exercise of prosecutorial discretion over cases in which classified information may be revealed and requires preparation of written findings when prosecution of such cases is declined. Section 13 requires the Attorney General periodically to report such declination decisions to Congress and, where necessary, to report on the operation and effectiveness of CIPA. Section 14 identifies the senior officials to whom the functions and duties of the Attorney General under CIPA may be delegated. Finally, Section 15 provides the effective date of CIPA.

**III. ARGUMENT**

While the government does not intend to introduce classified evidence at trial, nor disclose classified information in discovery, the government anticipates that issues relating to classified information will arise in connection with this case for the reasons stated above. Accordingly, the government respectfully moves for a pretrial conference to consider such matters pursuant to Section 2 of CIPA. The government further requests that the Court set a motion schedule

pursuant to Section 4 of CIPA to allow the government to respond to the Court's Order and seek a protective order.

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests a pretrial conference pursuant to CIPA Section 2 and motions schedule pursuant to CIPA Section 4.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By: /s/ *Joseph Misher*
Joseph Misher
Special Assistant U.S. Attorney
D.C. Bar Number 1619739

Christine Macey
Assistant U.S. Attorney
D.C. Bar Number 1010730
United States Attorney's Office
601 D Street NW
Washington, D.C. 20530
Joseph.Misher@usdoj.gov
Christine.Macey@usdoj.gov