

U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

---

*Patrick Henry Building*
*601 D Street, N.W.*
*Washington, D.C. 20530*

August 8, 2023

<u>VIA EMAIL DELIVERY</u>
John Machado, Esq.
johnlmachado@gmail.com

      Re:    *United States v. Georgy Kakhovich Kavzharadze,*
               *a/k/a "TeRorPP,"*
               *a/k/a "Torqovec,"*
               *a/k/a "PlutuSS,"*
               *a/k/a "George Kakhovich Kavzharadze,"*
               Case No. 21-cr-531 (CKK)

Dear Counsel:

      This letter memorializes the government's completion of prudential search requests conducted in response to your discovery demands dated November 2, 2022 and follow-up demands dated December 14, 2022; May 4, 2023; May 22, 2023; and June 28, 2023.

      The government is aware of its discovery obligations under Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny.  Accordingly, the government initiated prudential search requests with federal departments and agencies reasonably believed to possibly have information related to the Slilpp investigation, the defendant, and the named Russian government entities.  Specifically, the government requested information from departments and agencies with known domestic and foreign cyber-related missions and authorities.

      In reply to the government's inquiries, the Department of Homeland Security's United States Secret Service had no records pertaining to the defendant.  The Department of Homeland Security's Immigration and Customs Enforcement, Homeland Security Investigations identified one unclassified record pertaining to probation and parole of the defendant, which is not discoverable.  The Federal Bureau of Investigation conducted further searches in accordance with your request and identified no additional materials.

      Your discovery request included certain agencies within the United States Intelligence Community (USIC).  As such, the government made prudential search requests of relevant USIC agencies for any materials responsive to your discovery demand.  We are not allowed to inform

you of which USIC agencies were deemed relevant in this case, and we cannot confirm or deny the existence of any responsive records from any USIC agencies. With that being said, the government is aware of Department guidance on discovery obligations regarding the USIC, and we have fully complied with those guidelines in this case. The prudential search requests conducted in this case did not identify any discoverable information.

The government recognizes your discovery demand requested the government inquire with *all* federal departments and agencies. However, the breadth and scope of this request is overbroad given you have not provided information suggesting that prudential search requests beyond those conducted are appropriate. Accordingly, as described above, the government submitted inquiries with entities reasonably believed to possess responsive records and has fully satisfied its discovery obligations in response to your requests.

If you have any questions, please do not hesitate to contact us.

Sincerely,

*Christine Macey*

Christine M. Macey
Assistant United States Attorney
Christine.Macey@usdoj.gov
(202) 252-7058

Joseph Misher
Special Assistant United States Attorney
Joseph.Misher@usdoj.gov
(202) 658-8806