IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) CRIM NO. 21-CR-531 |
| GEORGY KAVZHARADZE, | ) |
| | )  Judge: Kollar-Kottely |
| | ) |
| Defendant. | ) |

### MOTION FOR RECONSIDERAION OF
### EX PARTE UNDER SEAL ORDER

COMES NOW Georgy Kavzharadze through counsel, and requests that the court reconsider its decision regarding the dissemination of discovery materials to defendant pursuant to an *ex parte* order under seal. As reasons therefor, defendant states as follows:

1.  On August 24. 2021. Defendant Georgy Kavzharadze was charged in a 15-count indictment. The charges included Conspiracy, Wire Fraud, Bank Fraud, Access Device Fraud, Aggravated Identity Theft, and Aiding and Abetting. The allegations involve illegal actions allegedly done by Georgy Kavzharadze, a resident of Russia, through an illegal online marketplace entitled Slilpp, which would sell stolen online credentials of accounts provided by financial institutions, online payment providers, and retailers.

2.  On May 18, 2022, defendant Kavzharadze was returned on an arrest

1

warrant. In his first appearance before the court, undersigned counsel was appointed under the Criminal Justice Act (CJA). Furthermore, at that time, a minute order was entered by Magistrate Judge Robin Meriweather, that "As required by Rule 5(f), the United States is ordered to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland and its progeny. Not doing so in a timely manner may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges and contempt proceedings."

3. On June 13, 2022, Mr. Kavzharadze was arraigned. A protective order regarding discovery was entered on July 15, 2022.

4. On November 2, 2022, the defense made the following request of the government: "I would respectfully request discovery as to whether any governmental/federal agencies: 1) communicated with, 2) cooperated with; and/or 3) requested law enforcement assistance from any Russian law enforcement or Russian Intelligence agencies, including but not limited to:

    a) the Federal Security Service (FSB)

    b) the Ministry of Internal Affairs (Federal Police) (MVD)

    c) Foreign Intelligence Service (SVR)

    d) Investigative Committee of Russia (SKR)

5. In further relation to discovery requests in this matter, on December 14,

2022, the defense made the following request of the government in relation to this case:

> Do you have any Brady materials from us, including any evidence related to our client George Kavzharadze and/or the taken-down internet platform SLILPP from the following entities:
>
> 1. US DOJ
>
> 1.1. USAO
>
> 1.2. FBI
>
> 2. US DHS
>
> 2.1. ICE Homeland Security Investigations (HSI)
>
> *"HSI strives to mitigate this threat by launching complex investigations and operations designed to thwart international criminals who target U.S.-based companies using sophisticated network-based attacks in order to steal and resell intellectual property, trade secrets, export-controlled technology and data, and other valuable information. These efforts help ensure the integrity of the internet and protect American consumers, businesses and the public at large from malicious cyber actors who pose a threat to national security and public safety."* See https://www.ice.gov/investigations/cybercrime-investigations
>
> 2.2. U.S. Secret Service
>
> *"The Secret Service is tasked with safeguarding the payment and financial systems of the United States from a wide range of financial and cyber-based crimes. Financial investigations include counterfeit U.S. currency, bank and financial institution fraud, mail fraud, wire fraud, illicit financing operations, and major conspiracies. Cyber investigations include cybercrime,*

*network intrusions, identity theft, access device fraud, credit card fraud, and intellectual property crimes."*
See https://en.wikipedia.org/wiki/United_States_Secret_Service

3.  U.S. Intelligence Agencies

3.1. The Central Intelligence Agency
- Two senior managers of the Center for Information Security (CIS) of the FSB of Russia (Federal Security Service), namely, the head of the CIB department, Sergei Mikhailov, and his deputy, Dmitry Dokuchaev,  were convicted of treason (see below news article) for providing information (spying) for the CIA during the time period of SLILPP's criminal activity.
- This department monitored Russian hackers and may/should have been involved in monitoring / investigating / penetrating / prosecuting SLILPP and/or Kavzharadze

3.2. U.S. Department Defense National Security Agency (NSA)
- Hacking of US financial institutions by foreign hackers and/or intelligence agencies via the internet falls under the investigative jurisdiction of the NSA,

4. U.S. Department of State

4.1. U.S. Embassy Moscow, Russia

4.2. U.S. Embassy Tbilisi, Georgia

4.3.  Diplomatic Security Service

*The **Diplomatic Security Service (DSS or DS)** is the principal security and law enforcement agency of the United States Department of State.[1] As the operational division of State Department's Bureau of Diplomatic Security, its primary mission is to protect diplomatic assets, personnel, and information and to combat visa and passport fraud. DSS also undertakes counterterrorism, counterintelligence, cybersecurity and criminal investigations, both domestically and abroad.*

4

*See* https://en.wikipedia.org/wiki/Diplomatic_Security_Service

<u>5. U.S. Federal Trade Commission</u>
 - including Consumer Sentinel Network Data related to US consumers, banks, and other financial institutions (e.g., PayPal) allegedly targeted / victimized by SLILPP and/or Kavzharadze.

6. On June 2, 2023, the government filed a Motion for a Pretrial Conference Pursuant to the Classified Information Procedures Act ("CIPA"), 18 U.S.C., App. III §§ 1-16. (Dkt. 26). On the same day, the government filed a Motion for the Designation of a Classified Information Security Officer (CISO). (Dkt. 27) The court granted that motion and appointed Daniella Medel as CISO in this matter.

7. Upon information and belief, document(s) that were responsive may have been submitted to the court in response to the inquiry made by the defendant.[1]

8. On or about July 27, 2023, counsel for the parties discussed the results of the court document review. The government indicated to the defense that it was allowed to indicate pursuant to an *ex parte* order issued on July 20, 2023, that no additional documentation was being provided to the defense in relation to its requests. Specifically, based upon information provided by the court, the order stated, "the United States may inform counsel for the defendant that the Court has ruled the government, through its prudential search requests, met its discovery obligations

---

[1] The government has never confirmed nor denied the existence of the existence of documents. This motion proceeds under the obvious assumption that there are indeed documents that are responsive to the request of the defense, though the existence of those documents is obviously assumed.

regarding the defense discovery request and is not required to provide additional discovery on this issue."[2] Accordingly, the defense has not received any additional discovery based upon its multiple discovery requests.

9. The defense respectfully requests for the court to reconsider its decision made in its July 20, 2023 *ex parte* and under seal order. Specifically, the defense requests that the court allow for the production of discovery in this matter which is being withheld from the defense. The reason for doing so is that the defense believes that evidence of U.S. Authorities and/or agencies working with Russian authorities or agencies would provide a legitimate defense on behalf of defendant Kavzharadze, such as entrapment.

10. The government in this case to date has presumably denied the existence of any materials related to Slilpp or this investigation that are in the hands of multiple United States government agencies, or they have taken the position that if these materials do exist, they are not discoverable. However, it is the defense's belief that the government has not provided the court with any proper context to allow for the proper consideration of whether these materials should be provided pursuant to the defense's discovery request. The investigation of the Slilpp investigation is not unique or private one. Indeed, the Department of Justice, along with the FBI, has been

---

[2] This information was provided by the court upon a direct inquiry to chambers (in which the government was also included in the communication) on August 11, 2023.

working to shut down the Slilpp, and has even issued press releases in that regard. See *Slilpp Marketplace Disrupted in International Cyber Operation*, found at https://www.justice.gov/opa/pr/slilpp-marketplace-disrupted-international-cyber-operation. (June 21, 2021). In that press release, the Department of Justice "announced its participation in a multinational operation involving actions in the United States, Germany, the Netherlands, and Romania." *Id.*

11. Furthermore, there have been articles indicating that Russian officials have been convicted of treason for sharing cyber information with FBI officials. Two Russian Cybersecurity Figures Convicted Of Treason, Sentenced To Long Prison Terms **https://www.rferl.org/a/russia-sentences-cyberexperts-to-long-jail-terms-for-treason-/29791990.html** Accordingly, it is not a stretch to believe that Russian FSB officials have shared information, either properly or improperly, with the FBI when it comes to information involving Slilpp.

12. Part of the defense that is relevant for this discussion that is relevant for the court to be aware of, and relevant in making its analysis, is that Mr. Kavzharadze's efforts on Slilpp were performed in coordination with Russian law authorities, Specifically, the defense proffers that Mr. Kavzharadze was conducting transactions on Slilpp at the direction and knowledge of the FSB, the Russian equivalent of the FBI. Thus, Kavzharadze proffers that the alleged transactions were

made the blessing of the approval and blessing of the FSB. Accordingly, given the global nature of the Slilpp investigation, it is not within the realm of possibility that the Russian and United States law enforcement agencies were working together or, at the very least, the FBI, or other governmental agencies, such as the CIA, NSA or other clandestine operations were communicating with Russian authorities, either explicitly or implicitly with regard to Slilpp. Accordingly, if such were the case, then it would be improper, and arguably a defense, that the actions of defendant Kavzharadze were being done with at the very least indirect tacit approval of the FBI. Accordingly, it would be highly improper, and indeed a defense, that Mr. Kavzharadze, in working with law enforcement agencies, either the FSB and, indirectly, the FBI, should not be charged with and/or convicted of his work.

13. What the defense is seeking to explain to the court is that the reason for the defense's discovery requests is not simply a fishing expedition. Instead, what the defense is seeking is to find is proof of cooperation or sharing of information between the Russian and U.S. governments to assist in a potential defense of the actions of Georgy Kavzharadze. It is the defense's belief that, if such information exists, that obtaining discovery in this regard will help bolster the arguments and or provide direct proof to support its defense. Should there be proof that the FBI and FSB were working in tandem, or even were working with knowledge of each other's

8

efforts, proof of that relationship would further allow for a defense such as entrapment, which would allow for a jury to find the defendant not guilty because his actions were at least partially sanctioned or coordinated by legal authorities, including the FSB and/or the FBI.

14. Even if this case were to proceed to a resolution, this information may assist in the disposition of this matter. Specifically, it may assist in deciding proper calculations of assumed monetary damages for sentencing guideline purposes. For instance, if the information provided by the government indicates certain amounts being within the knowledge and purview and knowledge of authorities during certain dates, then there will be legitimate argument that the calculated amount of loss should be less than the estimates provided by the government.

WHEREFORE, for the reasons discussed above, Georgy Kavzharadze would respectfully request for the court to reconsider its conclusion regarding the dissemination regarding discovery.

                                          Respectfully submitted,

                                          GEORGY KAVZHARADZE
                                          By Counsel

                                          /s/ John L. Machado
                                          John L. Machado, Esq.
                                          Bar. No. 449961
                                          Counsel for Georgy Kavzharadze
                                          503 D Street, N.W., Suite 310
                                          Washington, DC 20001
                                          Phone: (703) 989-0840
                                          E-mail: johnlmachado@gmail.com

## Certificate of Service

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 26h day of August, 2023, which will send a notification of such filing (NEF) to the following to all counsel of record.

    /s/John L. Machado
John L. Machado, Esq.
Bar Number 449961
Attorney for Georgy Kavzharadze
Office of John Machado
503 D Street NW, Suite 310
Washington, D.C. 20001
Telephone (703)989-0840
Email: johnlmachado@gmail.com