IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GEORGY KAKHOVICH KAVZHARADZE,<br>a/k/a "TeRorPP,"<br>a/k/a "Torqovec,"<br>a/k/a "PlutuSS,"<br>a/k/a "George Kakhovich Kavzharadze,"<br><br>*Defendant.* | Case No. 21-CR-531 (CKK) |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR RECONSIDERATION OF SEALED EX PARTE ORDER**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully opposes the defendant's motion for reconsideration of the Court's order issued after the completion of a Classified Information Procedures Act (hereinafter "CIPA"), 18 U.S.C. App. III, §§ 1–16 hearing pursuant to sections 2 and 4. The government has satisfied its discovery obligations, as the Court has previously determined. The defendant presents no additional facts or legal basis supporting reconsideration. Accordingly, the defendant's motion should be denied.

I.  **BACKGROUND**

The government provided initial discovery to the defendant via email and USAfx in four separate productions: on July 18, 2022; September 14, 2022; October 24, 2022; and May 4, 2023. The defendant submitted discovery demands on November 2, 2022, and follow-up demands dated December 14, 2022; May 4, 2023; May 22, 2023; and June 28, 2023. The discovery demands, in pertinent part, stated the following:

1

> . . . request discovery as to whether any governmental/federal agencies: 1) communicated with, 2) cooperated with; and/or 3) requested law enforcement assistance from any Russian law enforcement or Russian Intelligence agencies, including but not limited to:
> a) the Federal Security Service (FSB)
> b) the Ministry of Internal Affairs (Federal Police) (MVD)
> c) Foreign Intelligence Service (SVR)
> d) Investigative Committee of Russia (SKR) . . .

The follow up demands, in pertinent part, expanded the request as follows:

> . . . To eliminate any misunderstanding, please take into consideration that our discovery request relates to ALL U.S. federal government agency (incl. Law Enforcement and Intelligence Community) contacts, communications and any related documents with Russian Law Enforcement, State Security and Intelligence agencies RELATING to SLILPP and/or Georgy Kavzharadze.
>
> This includes ALL contacts, communications and related documents originating from or addressed to Russian law enforcement and intelligence agencies regarding or related to SLILPP, Georgy Kavzharadze, all financial institutions & payment systems (e.g. PayPal) to whose accounts Georgy Kavzharadze is accused of providing / selling third party (victim) credentials, personal and account information for unauthorized access.
>
> Second, we would like to supplement / expand our previous discovery request and ask your office to provide us with all discoverable materials (information, documentation [documents], including correspondence) regarding
>
> 2.1. Any and all U.S. federal government agency contacts with other countries' law enforcement, state security and intelligence agencies, including those that provided information, evidence and assistance to U.S. Law Enforcement (incl. FBI, Secret Service, DHS ICE HSI, DEA, ATF, etc.) and Intelligence agencies (incl. CIA, NSA, DIA, ONSA etc.) in
>
> (a) monitoring, penetrating, searching, seizing hardware, software, account access and eventually taking (shutting) down SLILPP
>
> (b) identifying, tracking / monitoring, making alleged purchases from, indicting, detaining, extraditing and prosecuting Georgy Kavzharadze.
>
> 2.2. Any contacts / communications related to SLILPP and Georgy Kavzharadze between all financial institutions & payment platforms (whose clients' personal & account information was unlawfully stored on, sold, and/or traded by SLILPP or Georgy Kavzharadze) and (a) U.S. and (b) Russian Law Enforcement, State Security and Intelligence Agencies.

The defendant's demands requested information from all federal department and agencies. Notably, the defendant specified certain agencies within the United States Intelligence Community ("USIC"). Upon receiving the defendant's discovery demand, the government initiated prudential search requests (hereinafter "PSR") with federal departments and agencies reasonably believed to possibly have information related to the Slilpp investigation, the defendant, and the named Russian government entities. Specifically, the government requested information from departments and agencies with known domestic and foreign cyber-related missions and authorities.

The government did not identify any discoverable information resulting from the PSR. At a status hearing on May 19, 2023, the government made representations stating that no discoverable materials were identified during the PSR. The Court ordered the government to file an *ex parte* report detailing any materials produced from the PSR.

The government filed a report explaining the necessity to invoke CIPA protections and procedures. The government explained that confirming or denying the existence of classified records held by members of the USIC is in itself a classified fact. *See United States v. Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989) (observing that "much of the government's security interest in the conversation lies not so much in the contents of the conversations, as in the time, place, and nature of the government's ability to intercept the conversations at all"); *United States v. Mostafa*, 992 F. Supp. 2d 335, 338, (S.D.N.Y. 2014) (same); *cf. Wilner v. National Sec. Agency*, 592 F.3d 60, 68 (2d Cir. 2009) (holding that "Glomar" response that "an agency may refuse to confirm or deny the existence of records" is appropriate response to FOIA request based on national security interests).

On June 2, 2023, the government filed a motion for designation of a Classified Information Security Officer (hereinafter "CISO") and Motion for a CIPA 2 pretrial conference and CIPA 4 motions schedule. The Court granted the motion for CISO designation and scheduled a classified

*ex parte* pretrial hearing. After the classified *ex parte* pretrial hearing, the Court issued an *ex parte* order. After obtaining leave from the Court, the government informed defense counsel that the Court had ruled that the government, through its PSR, had met its discovery obligations regarding the defense discovery request and was not required to provide additional discovery on this issue. This notification was made to the defense during a phone call on approximately July 26, 2023, and memorialized in a discovery letter provided on August 8, 2023.

## II. DISCUSSION

The government is aware of its discovery obligations under Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, and took them seriously upon receiving the defendant's demands. After receiving the defendant's requests, the government made a series of inquiries to federal departments and agencies' unclassified sources and through the PSR, in accordance with Department of Justice's discovery policies and procedures, of certain USIC agencies that may have potentially relevant information. None of the searches conducted in accordance with the defendant's demands produced discoverable materials.

The government has met its discovery obligations. The defendant has not submitted any new factual or legal basis for reconsideration. Upon receiving the defendant's discovery demand, the government requested additional information from the defense to improve the efficiency of its prudential search requests and ensure they were directed to all the appropriate agencies. In response, the defendant offered no additional information beyond a theory of possible coordination between himself and Russian authorities, and speculation that the defendant acted at the direction or coordination of United States government actors. In his motion for reconsideration and discovery demands, the defendant provided a news media article about Russian officials convicted

of treason for sharing information with U.S. authorities in an unrelated matter. None of that changes the fact that the government completed PSR as well as unclassified searches, none of which yielded materials that are discoverable to the defendant. Absent new information or a legal basis, the Court's determination that the government has satisfied its discovery obligations should remain unchanged.

### III. CONCLUSION

For the foregoing reasons, the United States respectfully submits that the Court should deny the defendant's Motion for Reconsideration of Ex Parte Under Seal Order.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By: /s/ Joseph Misher
Joseph Misher
Special Assistant U.S. Attorney
D.C. Bar Number 1619739
Joseph.Misher@usdoj.gov

Christine Macey
Assistant U.S. Attorney
D.C. Bar Number 1010730
United States Attorney's Office
601 D Street NW
Washington, D.C. 20530
Christine.Macey@usdoj.gov